DOMENGEAUX, Judge.
Defendant, Ricky Portalis, was charged with first degree murder for the stabbing of his grandfather, Joseph Portalis. At the conclusion of a week long trial, he was convicted of second degree murder by a unanimous jury verdict. He was sentenced to life imprisonment.
On appeal, defendant asserts two assignments of error, insufficiency of the evidence and errors patent on the face of the record. We find no merit to these assignments and affirm defendant’s conviction.
On April 13, 1985, the body of Joseph Portalis was found in a chair in his residence in Carenero, La. He had been stabbed forty-nine times and robbed of cash, a television, and a .12 gauge shotgun. The police investigators detected no forced entry into the home and determined that the perpetrator must have been someone known to the victim.
On April 14, 1985, the detectives questioned members of the victim’s family, including defendant, Ricky Portalis. After being advised of his constitutional rights, defendant gave a taped interview in which he denied any involvement in, or knowledge of, the victim’s death.
Subsequent to that interview, the detectives discovered that defendant had been seen with a television and a .12 gauge shotgun on the night of the murder. The defendant also had an unusually large amount of cash on hand in the days immediately following the murder.
On May 6, 1985, while in custody on an unrelated matter, defendant agreed to another taped interview. He was again advised of his constitutional rights, which he waived; he then volunteered a detailed confession of the murder. The confession was factually consistent with the evidence already uncovered by the detectives thus far in the investigation.
The following day, at defendant’s request, a third taped interview was conducted and defendant retracted his confession. He admitted to being at the scene and stealing the television and shotgun, but he told the detectives that a man called “Bookie” was actually the killer.
Defendant gave a fourth and final taped statement on May 9, 1985. He once again confessed to the killing and retracted his implication of “Bookie”.
The Trial Court denied a motion to suppress the taped statements because the defendant was unable to prove that he lacked the mental capacity to knowingly and intelligently waive his constitutional rights. The tapes of these interviews were admitted into evidence and are a part of the record. We have listened to the tapes, and we are convinced, by this direct evidence, that the jury verdict was correct.
Defendant argues on appeal that the taped interviews lack credibility because the interviewee, the defendant, may have been under the influence of illegal drugs at the time of the interviews. The record does not support this allegation. Defendant was in police custody at the time of the May 6th, 7th, and 9th statements and had been so incarcerated since May 4th. While there is some indication that the defendant may have been under the influence of a drug when he was arrested on May 4th, there is nothing in the record to support the allegation that the drug’s influence was still present on May 6th, 7th, or 9th.
In addition to this direct evidence, the State presented convincing circumstantial evidence of defendant’s guilt. The State established that on the night of the murder the defendant was in possession of the victim’s television and shotgun which he sold or exchanged that same night. *342 Witness testimony also showed that the victim was known to keep a large amount of cash on hand and that the defendant was seen with a large amount of cash in the days immediately after the murder.
We find that the evidence presented was sufficient to support a conviction of second degree murder. The due process standard for reviewing the sufficiency of evidence in order to sustain a conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).[1] Due process requires that all evidence, both direct and circumstantial, must be sufficient to satisfy a rational trier of fact that the defendant is guilty beyond a reasonable doubt. State v. Porretto, 468 So.2d 1142 (La.1985).
In this case, sufficient evidence was adduced for a rational trier of fact to conclude beyond a reasonable doubt that defendant specifically intended to kill Joseph Portalis, in violation of La.R.S. 14:30.1. Under the circumstances presented, we conclude that a rational jury could have determined that the evidence excluded every reasonable hypothesis of innocence.
Finally, defendant urged on appeal that there were errors patent on the face of the record, although he did not specify what these errors may be. We have scrutinized the entirety of the record and find no patent errors.
For the above and foregoing reasons, the judgment of the Trial Court is affirmed.
AFFIRMED.

. Although reviewing courts are obligated to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this standard because it relegates the reviewing power of the appellate courts to nothing more than "second guessing" the triers of fact. See my concurring and dissenting opinions in State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983): State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983), writ denied, 444 So.2d 1241 (La.1984); and State v. Bryan, 454 So.2d 1297 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 128 (La.1984).